UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,　　　　　　　　Case No. 19-cr-185(2) (SRN/KMM)

　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　**ORDER**

William Charles Graham (2),

　　　　　Defendant.

Justin A. Wesley and Amber M. Brennan, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government);

William Charles Graham, Reg. No. 22097-041, Sherburne County Jail, 13880 Business Center Drive Northwest, Elk River MN 55330 (*pro se* Defendant); and Andrew H. Mohring, Assistant Federal Defender, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis MN 55415 (standby counsel for *pro se* Defendant).

This matter is before the Court, United States Magistrate Judge Katherine M. Menendez, on the parties' non-dispositive pretrial motions. Based upon the record, motions and memoranda, and the arguments in the parties' respective filings, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, (ECF No. 32), is **GRANTED** as follows: The Government seeks discovery pursuant to pursuant to Fed. R. Crim. P. 12.1, 12.2, 12.3, 16, and 26.2, including documents and tangible objects, reports of examinations and tests, expert testimony, notice of alibi defense, notice of insanity or mental illness defense, notice of public authority defense, and witnesses statements. Defendant has not specifically objected to the motion and the Government seeks discovery available to it under the Federal Rules of Criminal Procedure. Thus, the Government's motion is granted; Defendant shall

comply with his obligations under the Federal Rules of Criminal Procedure by providing the requested discovery and information concerning defenses.

2. The Government's Motion for Protective Order, (ECF No. 112), is **GRANTED** as follows: The Government moves, pursuant to Rule 16(d)(1), for a protective order to govern the distribution of police body camera footage involved in this case. Mr. Graham filed an objection to the motion on the grounds that he did not submit it and it was submitted by "an unknown source." (ECF No. 120).

   Under Rule 16, the Court may, at any time, "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" for good cause. Fed. R. Crim. P. 16(d)(1); *United States v. Lee*, 374 F.3d 637, at 652 (8th Cir. 2004)." The burden of showing 'good cause' is on the party seeking the order" and courts consider, *inter alia*, the safety of witnesses and others and particular danger of perjury or witness intimidation. *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015). A protective order should permit "disclosure in a manner sufficient to facilitate preparation of a competent defense." *United States v. Johnson*, 191 F.Supp.3d 363, 373 (M.D. Pa. 2016).

   The Government notes that the police body camera footage contains various sensitive information, including names and identities of crime victims, witnesses, defendants, law enforcement officers, and other members of the public. Having reviewed the police body camera footage in relation to Mr. Graham's co-defendant's suppression motions, (*see* ECF No. 92), the Court agrees. Mr. Graham has offered no substantive objection to the Government's request and the Court finds that the Government has demonstrated good cause permitting entry of a protective order to govern the distribution of the police body camera footage in this matter. As such, the Court will enter the proposed protective order via separate order.

3. Defendant's Notice for Notice of Demand to Produce, (ECF Nos. 119, 122), is **GRANTED IN PART and DENIED IN PART** as follows: Mr. Graham makes various demands in his motion. The Court addresses each in turn.

   First, Mr. Graham demands the "file that pertains directly to any and all information from the Grand Jury . . ." as "exculpatory evidence." (ECF No. 119, at 1; ECF No. 122, at 1). Mr. Graham appears to assert that the docket sheet does not reflect that any Grand jury proceeding occurred because there are no minutes on the record. (ECF No. 119, at 2; ECF No. 122, at 2). Mr. Graham also requests "the contract signed by [him]self" that "gave up [his] Constitutional Rights without being forced put under mass duress, or where [he] voluntarily wa[i]ved [his] Grand Jury hearing." (ECF No. 119, at 2; ECF No. 122, at 2).

As evidenced by the indictment, a grand jury charged Mr. Graham with two crimes. (ECF No. 1; ECF No. 2-1 (signature page)). There are no minutes of the grand jury proceeding on the public docket because grand jury proceedings are secret and disclosure is restricted. Fed. R. Crim. P. 6(e). Moreover, a defendant "has no absolute right to appear before the grand jury that is investigating him or to have his counsel present." *United States v. Smith*, 552 F.2d 257, 261 (8th Cir. 1977). Thus, to the extent Mr. Graham asserts various grand jury errors entitle him to relief, his motion is denied.

Mr. Graham asserts that some grand jury information may be exculpatory. Release of grand jury materials is governed by Rule 6(e)(3). For a defendant to obtain grand jury materials, they must show "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). A defendant must demonstrate a particularized need for the information; that is, a demonstrative of specific evidence of prosecutorial overreaching. *United States v. Finn¸* 919 F. Supp. 1305, 1326 (D. Minn. 1995) (citations omitted). Except as discussed below, Mr. Graham has made no such showing. As such, his motion is denied.

To the extent grand jury materials contain exculpatory information, the Government is obligated to provide said materials under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government indicates it is aware of its obligations under these authorities and has represented to the Court that it has and will continue to comply with said obligations; the Government notes it believes none of the grand jury materials are encompassed by *Brady*. (ECF No. 129, at 3). Therefore, within 10 days of the date of this Order the Government must disclose all *Brady* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* information not previously disclosed.

To the extent Mr. Graham generally requests grand jury transcripts, it is denied. "The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). It follows that statements contained within grand jury transcripts could constitute Jencks Act materials. *United States v. Eisenberg*, 469 F.2d 156, 160 (8th Cir. 1972). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." *Douglas*, 964 F.2d at 741 n.2. Therefore, the Court does not order production of Jencks materials at this time, but it expects the Government to provide Jencks Act materials as agreed so as to prevent delays in trial.

Second, Mr. Graham requests "the legislative act and its implementing regulations that precipitated this case." (ECF No. 119, at 2; ECF No. 122, at 2). As the indictment describes, Mr. Graham is charged with one count of interference with commerce by robbery in violation of 18 U.S.C. §§ 1951(b)(1), 1951(b)(3), as well as 18 U.S.C § 2 (aiding and abetting). (ECF No. 1, at 1–2). Mr. Graham is also charged with one count of using, carrying, and brandishing a firearm during and in relation to a crime of violation in violation of 18 U.S.C. § 924(c)(1)(A)(ii), as well as 18 U.S.C § 2 (aiding and abetting). (ECF No. 1, at 2). Finally, the indictment asserts convictions may result in forfeiture pursuant to 18 U.S.C §§ 981(a)(1)(C), 924(d)(1), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p). (ECF No. 1, at 2–3).

Third, Mr. Graham makes various requests related to his Sovereign Citizen beliefs.[1] He demands copies of the oaths of office of the undersigned United States Magistrate Judge, the United States Attorney for the District of Minnesota, and the two Assistant United States Attorneys prosecuting this case. (ECF No. 119, at 2; ECF No. 122, at 2). He demands the "address of the office where [he] may go to get a license for practicing law." (ECF No. 119, at 2; ECF No. 122, at 2). Mr. Graham demands the contact information of the aforementioned judge and prosecutors. (ECF No. 119, at 2; ECF No. 122, at 2). He likewise demands their "bond number and bonding company." (ECF No. 119, at 2; ECF No. 122, at 2). Finally, Mr. Graham demands "an acknowledgement that [the aforementioned judge and prosecutors] understand [they] have perjured [their] Oath of Office and are committing Treason against the Constitution of the United States of America and the American Peace Flag." (ECF No. 119, at 2; ECF No. 122, at 2).

---

[1] As explained by the Federal Bureau of Investigation ("FBI"), the "Sovereign Citizens" movement is based on a theory where they view the "USG [U.S. Government] as bankrupt and without tangible assets; therefore, the USG is believed to use citizens to back U.S. currency. Sovereign citizens believe the USG operates solely on a credit system using American citizens as collateral." *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 750 (7th Cir. 2013) (citation omitted); *see also Cooper v. United States*, 104 Fed. Cl. 306, 313–314 (2012) (explaining that "an individual who identifies with the Sovereign Citizen Movement considers himself to be his own sovereign, not a United States citizen, and therefore 'believe[s] that [he is] not subject to government authority.' *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). Members of this movement think that [t]he federal government . . . has tricked the populace into becoming U.S. citizens by entering into 'contracts' embodied in such documents as birth certificates and social security cards. With these contracts, an individual unwittingly creates a fictitious entity (i.e., the U.S. citizen) that represents, but is separate from, the real person. Through these contracts, individuals also unknowingly pledge themselves and their property, through their newly created fictitious entities, as security for the national debt in exchange for the benefits of citizenship."); *Sochia v. Federal–Republic's Cent. Gov't*, 2006 WL 3372509, at *5 (W.D. Tex. Nov. 20, 2006) (collecting cases and describing plaintiff's "sovereign citizen" theories as "frivolous" and "rejected by every federal court that has considered them").

Sovereign Citizen arguments have been repeatedly and soundly rejected by all courts that consider them, and therefore, require no analysis. *See, e.g.*, *United States v. Jonassen*, 759 F.3d 653, 657 n.2 (7th Cir. 2014) (providing that Sovereign Citizen arguments can take many titles, but at their core "assert that the federal government is illegitimate and insist that they are not subject to its jurisdiction. The defense has no conceivable validity in American law." (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990))); *United States v, Sileven*, 985 F.2d 962, 970 (8th Cir. 1993) (finding similar arguments that defendant was not a federal citizen "plainly frivolous" and noting that further discussion was unnecessary); *United States v. Jagim*, 978 F.2d 1031, 1036 (8th Cir. 1992) (sovereign citizen arguments "are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion."). Nonetheless, Mr. Graham already clearly has the contact information of the prosecutors and Court as evidenced by his numerous certificates of service. (*E.g.*, ECF Nos. 124, 127-1). The other requests in Mr. Graham's motion merit no further comment or analysis and are denied.

Fourth, Mr. Graham has submitted what he purports to be a "Copyright Notice" as to his name. (ECF No. 122-1; ECF No. 99-1; *see also* ECF Nos. 123, 128). A person generally may not copyright or trademark their own name. 37 C.F.R. § 202.1(a). Regardless, the existence of a copyright or trademark "would not prevent a court from exercising jurisdiction over a civil or criminal matter." *Payne v. Kilda*, 2016 WL 491847, at *3 (E.D. Mich. Jan. 6, 2016), *report and recommendation adopted by* 2016 WL 465486, at *1 (E.D. Mich. Feb. 8, 2016); *see also Osorio v. Connecticut*, 2018 WL 1440178, at *6–*7 (D. Conn. Mar. 22, 2018) (rejecting Sovereign Citizen copyright claims on his name as frivolous); *Miles v. United States*, 2014 WL 5020574, at *3–*4 (Fed. Cl. Oct. 6, 2014) (same). As such, to the extent Mr. Graham requests relief under a purported assertion of copyright, it is denied.

Because this Court could rule on all pending motions without the need for an evidentiary hearing, the pretrial motions hearing scheduled for February 19, 2020 at 1:00 p.m., (ECF No. 118, at 3–4), is **CANCELLED**.

4. Mr. Graham challenges his detention through several filings. (ECF No. 127; ECF No. 119, at 2; ECF No. 122, at 2). Mr. Graham also demands a detention/bail hearing on his arguments. (ECF No. 127). Mr. Graham asserts there is no "properly drawn Fourth Amendment warrant . . . [that states] that probable cause exists . . . ." (ECF No. 119, at 2; ECF No. 122, at 2). Mr. Graham asserts that because he is being detained without a warrant and "true bill returned by a Grand Jury," he is being held in violation of his First,

Fourth, Fifth, Eighth, Ninth, Tenth, Eleventh, Thirteenth, and Fourteenth Amendment rights and Article 9 of the Universal Declaration of Human Rights. (ECF No. 119, at 3–4; ECF No. 122, at 3–4; ECF No. 127, at 1–2). Conversely, while availing himself of the rights under the Constitution, Mr. Graham asserts he is not a "'person' as defined government statutes," nor is he a "U.S. citizen, U.S. person, U.S. taxpayer, or resident." (ECF No. 127, at 1). Because he is merely a "living Man or Woman" the Court lacks jurisdiction over him. (ECF No. 127, at 2).

Under 18 U.S.C. § 3142(f), a detention hearing may be reopened if the judge finds "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Here, Mr. Graham has not pointed to any new information. Rather, Mr. Graham continues to assert his meritless Sovereign Citizen arguments. Mr. Graham puts forward no new facts or legal argument that would change the Court's previous detention decision. As such, Mr. Graham's request to alter his detention or have a detention hearing on these already-rejected arguments is **DENIED** and the detention hearing set for February 19, 2020 at 1:00 p.m., (ECF No. 125), is **CANCELLED**.

5. The Court notes that when Mr. Graham was represented by counsel, his counsel had filed several motions and the Court found those motions to be withdrawn in full. (ECF No. 118, at 1 (citing ECF Nos. 108, 110)). Mr. Graham has further confirmed that he does not accept any motions filed by his previous counsel. (ECF No. 124, at 3). Accordingly, any motions filed by Mr. Graham's previous counsel remain withdrawn and will not be addressed.

6. Mr. Graham asserts that his previous counsel entered a "fraudulent plea" on behalf of "Private American private property without his consent." (ECF No. 124, at 3). Mr. Graham requests that the plea be removed from the record. (ECF No. 124, at 3). Based on Mr. Graham's actions and filings to date, this Court understands this to be yet another Sovereign Citizen argument rather than a genuine request to withdraw the "not guilty" plea entered on his behalf. Without an expression that Mr. Graham desires to plead guilty, the request to withdraw his not guilty plea is denied.

Dated: February 10, 2020     *s/ Katherine M. Menendez*
  Katherine M. Menendez
  United States Magistrate Judge
  District of Minnesota