UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | File No. 19-CR-185 (SRN/KMM) |
| **Plaintiff,** | |
| v. | ORDER |
| **William Charles Graham (02),** | |
| **Defendant.** | |

Amber Brennan, Justin Wesley, and Nathan Nelson, United States Attorney's Office, 300 South Fourth Street, Ste. 600, Minneapolis, MN 55415, for the Government

William Charles Graham, Reg. No. 22097-041, Sherburne County Jail, 13880 Business Center Dr. NW, Elk River, MN 55330, Pro Se Defendant

Andrew Mohring, Office of the Federal Defender, 300 S. 4th St., 107 U.S. Courthouse, Minneapolis, MN 55415, Standby Counsel for Defendant

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion to Quash the Indictment [Doc. No. 195] filed by Pro Se Defendant William Charles Graham. For the reasons set forth below, the Court denies as moot Graham's Motion to Quash the Indictment.

I.    BACKGROUND

On July 16, 2019, the Government charged Graham and co-defendant Ronald Jermaine Jackson with interference with commerce by robbery in violation of 18 U.S.C. § 1951(b)(1), (Indictment [Doc. No. 1]), Count 1), and using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §

924(c)(1)(A)(ii). (*Id.*, Count 2.) The Government alleges that in April 2019, Graham and Jackson robbed a T-Mobile store in Brooklyn Park, Minnesota, using a firearm in the course of the robbery. (*Id.*, Counts 1 & 2.)

Graham filed the instant motion on April 27, 2020. He raises numerous constitutional violations, based on the following: (1) there is no properly issued Fourth Amendment warrant stating that probable cause exists, nor is there an oath, affirmation, or judicial signature, nor is there a particularized statement of the person or place to be searched and the items to be seized; (2) the Indictment is unlawful and must be quashed because it fails to advise him of the charges against him, and lacks proper signatures from the grand jury foreperson and a government attorney; (3) he has been unlawfully detained, held in involuntary servitude, and cruelly and unusually punished since his arrest due to the unlawful warrant and Indictment; and (4) he has been denied access to the Court. (Def.'s Mot. at 1–4.)

Two days after filing this motion, Graham filed an interlocutory appeal with the Eighth Circuit Court of Appeals, challenging the Court's April 7, 2020 Order [Doc. No. 183]. He asserted that he was denied access to the Court and that the Indictment was not properly signed by an attorney for the Government. (Def.'s Notice of Appeal [Doc. No. 199] at 2.) On June 4, 2020, the Eighth Circuit rejected Graham's arguments and affirmed the Court's April 7 Order. (8th Cir. Judgment, *United States v. Graham*, No. 20-1903 [Doc. No. 209].)

Recently, the Court responded to motions raised by Graham's co-defendant, Mr. Jackson, who had asserted some arguments that are identical to those raised by Graham

here.  (June 12, 2020 Order [Doc. No. 211].)  The Court therefore incorporates its ruling on Mr. Jackson's motions by reference here.

## II.     DISCUSSION

### A. Probable Cause

As to Graham's claims about the infirmity of a warrant, or the lack of a warrant stating that probable cause exists, the Court has previously rejected this argument.  (Feb. 10, 2020 Order [Doc. No. 130] at 5–6, *aff'd*, Feb. 27, 2020 Order [Doc. No. 141] at 2.)  Graham presents no new information that alters the Court's prior rulings.  Accordingly, Graham's Motion to Quash the Indictment on this basis is denied as moot.

### B. Indictment

Graham argues that the Indictment fails to advise him of the nature of the charges against him and is also procedurally infirm due to a redacted signature of the grand jury foreperson and because the "Asst. U.S. Attorney cannot sign their own name on ANY Indictment, especially not in their personal natural person capacity."  (Def.'s Mot. at 4.)

The Court has previously considered these arguments and rejected them, (Feb. 10, 2020 Order at 5–6, *aff'd*, Feb. 27, 2020 Order at 2*)*, and the Eighth Circuit has rejected the argument, raised on interlocutory appeal, that the Indictment is procedurally improper. (8th Cir. Judgment, *United States v. Graham*, No. 20-1903, at 1.)  Contrary to Graham's argument (Def.'s Mot. at 2), the Indictment clearly and plainly states the "nature and cause" of the charges against him, and it was properly issued.  (*See* Feb. 10, 2020 Order at 4–6, *aff'd*, Feb. 27, 2020 Order at 2; 8th Cir. Judgment, *United States v. Graham*, No. 20-1903, at 1.)  Further, the Court directs Graham to the June 12 2020 Order in response to nearly identical

3

arguments raised by his co-defendant. The same analysis and conclusion apply here. Accordingly, Graham's Motion to Quash the Indictment based on any infirmities in the Indictment is denied as moot.

### C. Detention

Regarding Graham's claim that the arguments presented above caused his unlawful detention, "involuntary servitude," and "cruel and unusual punishment," (*see* Def.'s Mot. at 3–4), the Court rejects any such contentions. Graham has previously challenged his detention, arguing that he is being held without probable cause, (Def.'s Mar. 16, 2020 Letter to Chief Judge Tunheim [Doc. No. 161] at 3; Def.'s Mar. 23, 2020 Letter to Marshal [Doc. No. 167] at 1–2), and is suffering from cruel and unusual punishment. (Def.'s Mar. 24, 2020 Letter [Doc. No. 170] at 2.) The Court has previously found that Graham was validly detained, and rejected his arguments for release based on the validity of detention and the conditions of detention. (Apr. 7, 2020 Order at 10, 18–20.) Accordingly, the Court denies as moot his motion based on detention and the conditions of detention.

### D. Access to Courts

Graham also moves to quash the Indictment, arguing that a February 19, 2020 evidentiary hearing was arbitrarily canceled, denying him access to the Court and violating his due process rights. (Def.'s Mot. at 3.) The hearing was canceled because the magistrate judge was able to rule on the pretrial motions based on the parties' filings, without the need for an evidentiary hearing. (Feb. 10, 2020 Order at 5.) At least twice, Graham previously appealed the cancelation of the hearing, (Def.'s Obj. [Doc. No. 137] at 7–8; Def.'s Mar. 13, 2020 "Rebuttal" [Doc. No. 158] at 1–3), and the Court has twice rejected his argument. (Feb.

27, 2020 Order at 2; Apr. 7, 2020 Order at 17.)  Graham's motion, based on his argument regarding the canceled February 19, 2020 hearing, is denied as moot.

To the extent that Graham more broadly seeks an evidentiary hearing, the Court has likewise ruled on his past requests for a hearing.  (May 20, 2020 Order [Doc. No. 204] at 2.) The Court has explained that due to the COVID-19 pandemic, Chief Judge John R. Tunheim has continued all criminal trials in this District through July 5, 2020, (*id.* at 1–2) (citing D. Minn. Gen. Order No. 14 ¶ 2), and advised Graham that his in-person pretrial conference will be held at a time when it safe to convene, after July 5.  (*Id.*)   In addition, Graham unsuccessfully raised the issue of "access to the Court" in his interlocutory appeal, (Def.'s Notice of Appeal at 2), which the Eighth Circuit rejected.  (8th Cir. Judgment, *United States v. Graham*, No. 20-1903, at 1.)  Accordingly, this argument fails and is denied as moot.

In short, Graham's Motion to Quash revisits past arguments and rulings, without any grounds to do so.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Pro Se Motion to Quash [Doc. No. 195] is **DENIED AS MOOT**.


Dated: June 18, 2020                                s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge