UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM CHARLES GRAHAM,<br><br>Defendant. | Case No. 19-CR-00185(2) (SRN)<br><br><br>**ORDER** |

Justin A. Wesley, Nathan H. Nelson, and Craig R. Baune, Department of Justice - United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

William Charles Graham, Reg. No. 22097-041, United States Penitentiary McCreary, P.O. Box 3000, Pine Knot, KY 42635, Pro Se Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Pro Se Request for Reconsideration [Doc. No. 683] filed by Defendant William Charles Graham.

On July 13, 2022, the Court denied Graham's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (the "Motion"), along with a host of other motions filed by Defendant. (*See generally* July 13, 2022 Order [Doc. No. 677].) He now requests that the Court reconsider the denial of the Motion. (Def.'s Request at 1.)

Local Rule 7.1(j) of this Court requires a party seeking reconsideration to first obtain permission to file such a motion. D. Minn. L.R. 7.1(j). A party may receive permission only by showing "compelling circumstances." *Id*. Motions for reconsideration serve the

1

limited purpose of " 'correct[ing] manifest errors of law or fact or . . . present[ing] newly discovered evidence.' " *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). A motion to reconsider should not be employed to relitigate old issues but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Through the instant motion, Mr. Graham essentially re-argues the merits of his claims, citing caselaw to assert that this Court made an error in its decision. (Def.'s Request at 1-2.)  He thus seeks an injunction and that his sentence be vacated. (*Id.* at 2.)

The Court finds that Mr. Graham has not established "compelling circumstances" necessary to obtain leave to file a motion for reconsideration. Moreover, Mr. Graham has not established that the Court made an error of law. In fact, two of the cases that he cites were addressed in the Court's July 13, 2022 Order and found not to apply to his conviction.[1] Simply put, a motion for consideration is not "a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999); *see also Dale & Selby Superette*, 838 F. Supp. at 1348.

---

[1] Mr. Graham's citation to *Jones v. United States*, 39 F.4th 523, 524 (8th Cir. 2022), does not establish that the Court erred in its July 13, 2022 Order because *Jones* involved a *conspiracy* to commit Hobbs Act robbery, while Mr. Graham was convicted of *completed* Hobbs Act violence, which the Eighth Circuit has repeatedly held is "a 'crime of violence' under the 'force clause' of 18 U.S.C. § 924(c)(3)(A)," *United States v. Lewis*, 775 F. App'x 260 (8th Cir. 2019).

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Pro Se Request for Reconsideration [Doc. No. 683] is **DENIED**.

Dated: September 16, 2022                         s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge