# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Ronald Jermaine Jackson (1), and<br>William Charles Graham (2)<br><br>Defendants. | Case No. 19-cr-185 (SRN/KMM)<br><br><br>**ORDER** |

Craig Baune, Justin Wesley, Nathan Hoye Nelson, and William Mattessich, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Ronald Jermaine Jackson, Reg. No. 22096-041, FCI-Greenville, P.O. Box 5000, Greenville, IL 62246, Pro Se.

William Charles Graham, Reg. No. 22097-041, USP-McCreary, P.O. Box 3000, Pine Knot, KY 42635, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion to Vacate Under 28 U.S.C. § 2255 filed by Defendant Ronald Jermaine Jackson [Doc. No. 760] and several motions filed by Defendant William Charles Graham [Doc. Nos. 732, 747, 758, 762, 767, 770, 772, 783, 784]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** the motions.

1

I.     BACKGROUND

In July 2019, the Government charged Mr. Jackson and Mr. Graham with two crimes: (1) aiding and abetting the interference with commerce by robbery (Hobbs Act robbery), in violation of 18 U.S.C. §§ 2 and 1951, and (2) aiding and abetting the using, carrying, and brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii). (Indict. [Doc. No. 1].) Following a bench trial, the Court found Mr. Jackson and Mr. Graham guilty on both counts. (Findings of Fact, Conclusions of Law, and Order for Convictions [Doc. No. 258] at 34.) Specifically, as to Count 2, the Court found Mr. Jackson guilty beyond a reasonable doubt of using a handgun during and in relation to Hobbs Act robbery, a crime of violence, (*id.* ¶¶ 59–65, 73–78), and because Mr. Graham was carrying a BB gun, the Court found him guilty beyond a reasonable doubt of aiding and abetting the use of a firearm during and in relation to Hobbs Act robbery.[1] (*Id.* ¶¶ 66–70, 79–92.)

Mr. Jackson received a total sentence of 141 months (57 months on Count 1 and 84 months on Count 2, to be served consecutively), and Mr. Graham received a total sentence of 294 months (210 months on Count 1 and 84 months on Count 2, to be served consecutively).

---

[1] "Whether one is convicted as a principal or as an accomplice/aider and abettor, the crime of which he is guilty is the same: whatever is the underlying offense." *United States v. Baca-Valenzuela*, 118 F.3d 1223, 1232 (8th Cir. 1997); *see also* 18 U.S.C. § 2(b) ("Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.").

## II. DISCUSSION

### A. Mr. Jackson's Motion Under 28 U.S.C. § 2255

In his motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Mr. Jackson relies on *United States v. Taylor*, 142 S. Ct. 2015 (2022), and argues that he is entitled to relief on Count 2 of his conviction because he is factually innocent of the offense charged. (Jackson's § 2255 Mot. [Doc. No. 760], Ground 1.) In *Taylor*, 142 S. Ct. at 2025, the Supreme Court held that attempted Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c) because the elements of the attempted offense do not require proof of "the use, attempted use, or threatened use of force." On Mr. Jackson's direct appeal, he belatedly raised this issue and the Eighth Circuit refused to consider it. *United States v. Jackson*, Nos. 21-2451, 21-2612, 2022 WL 6861556, at *2–3 (8th Cir. Oct. 12, 2022).

#### 1. Completed Hobbs Act Robbery

Although Mr. Jackson's § 2255 Motion appears to be timely,[2] it fails on the merits. Central to *Taylor*'s holding was the distinction between *attempted* Hobbs Act robbery versus the *completed* crime, as the attempted crime requires only a "substantial step" toward robbery, but does not always involve the actual, attempted, or threatened use of

---

[2] When a judgment of conviction is appealed and affirmed, and a petition for certiorari is not filed, the judgment becomes final when the time expires for filing a petition for certiorari. *See Clay v. United States*, 537 U.S. 522 (2003). After the Eighth Circuit issued its judgment on October 12, 2022, Jackson had 90 days in which to petition for certiorari from the Supreme Court. S. Ct. R. 13.1. Jackson's conviction therefore became final on January 10, 2023 (i.e., 90 days after October 12, 2022), and he filed his § 2255 motion within the one-year period that expires on January 10, 2024.

3

force. 142 S. Ct. at 2020 ("Whatever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the elements clause."). Before *Taylor*, the Eighth Circuit held that completed Hobbs Act robbery qualifies as a crime of violence under the elements clause of § 924(c)(2), *Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017), and following *Taylor*, it continues to hold that completed Hobbs Act robbery is a crime of violence. *United States v. Moore*, No. 22-1899, 2022 WL 4361998, at *1 (8th Cir. Sept. 21, 2022) ("[T]he plea agreement established that Moore pleaded guilty to completed Hobbs Act robbery, which is a crime of violence."); *see also Green v. Garland*, 79 F.4th 920, 923–24 (8th Cir. 2023) (distinguishing facts of *Taylor* and finding conviction for completed Hobbs Act robbery subjected noncitizen to removal as an aggravated felony under immigration law because it constitutes a "crime of violence."). Mr. Jackson was convicted of completed Hobbs Act robbery, and his conviction for the use of a firearm during and in relation to the robbery was proper. Accordingly, Mr. Jackson's § 2255 Motion is denied. Judgment shall be entered against Mr. Jackson on his § 2255 Motion.

## 2.     Evidentiary Hearing and Certificate of Appealability

A § 2255 motion may be dismissed without a hearing if: (1) the defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Moreover, where the record includes all of the information necessary for the court to rule on the motion, an evidentiary hearing is unnecessary. *Covey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004) (citations omitted). Applying this standard to the

4

allegations and the record, the Court finds that Jackson's allegations fail to meet either requirement for a hearing, and the record includes all the information necessary for the Court to rule. *Id*. Accordingly, no evidentiary hearing is required.

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of appealability.

### B. Mr. Graham's Motions

Most of Mr. Graham's pending motions challenge the legality of his sentence as unconstitutional or contrary to federal law, although some motions are styled as motions for "reconsideration." Accordingly, the Court first addresses his past motions in which he sought to collaterally attack his sentence.

#### 1. Past Motions for Collateral Relief

Mr. Graham filed an initial § 2255 Motion in November 2021, which he amended and supplemented several times [Doc. Nos. 597, 605, 615, 624]. Among his arguments, Mr. Graham raised the same argument based on *Taylor* that Mr. Jackson has raised here, as well as a double jeopardy claim [Doc. No. 677 at 7–9, 19–20]. In July 2022, the Court denied Graham's § 2255 Motion on the merits [*Id*.]. Subsequently, the Court denied his

request for reconsideration [Doc. No. 688]. The Eighth Circuit affirmed [Doc. Nos. 690, 709].

Later, Mr. Graham filed a motion for compassionate release that the Court construed, in part, as an attempt to relitigate previous claims from his § 2255 Motion [Doc. No. 730 at 10–11].

The Eighth Circuit denied Mr. Graham's subsequent motions for authorization to file a successive habeas application in the district court [Doc. Nos. 735, 751, 778].

### 2. Requirements for § 2255 Motions

Under 28 U.S.C. § 2255, a prisoner in federal custody has a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by a court. The law limits a defendant to one § 2255 motion unless he obtains certification for a second or successive motion from the appropriate Court of Appeals. *See* 28 U.S.C. §§ 2244, 2255(e), (h). A defendant may not bypass the authorization requirement of § 2255 by purporting to invoke some other procedure. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curium) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."), *cert. denied*, 545 U.S. 1135 (2005). Accordingly, the Eighth Circuit has instructed that when a petitioner files a Rule 60(b) motion in a closed habeas proceeding—like the one at issue— a district court should "conduct[ ] a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir.

2002), *cert. denied*, 538 U.S. 953 (2003); *see also United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) (collecting cases). If the Rule 60(b) motion is "actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, [ ] transfer the [ ] motion to the Court of Appeals." *Boyd*, 304 F.3d at 814.

### 3. Motions for Relief From Judgment Under Rule 60

In four of his pending motions, Mr. Graham seeks relief under Rule 60 for "reconsideration" [Doc. No. 732, 747, 758, 772, 783]. The Court therefore briefly reviews the claims that Mr. Graham raises in these motions to determine whether they are actually unauthorized, successive habeas petitions.

First, Mr. Graham argues that at sentencing, he mistakenly "plead[ed] the Fifth" when the Court asked if he had objections to the Presentence Investigation Report ("PSR"). (Graham's May 2023 Reconsid. Mot. [Doc. No. 732] at 2.) Mr. Graham argues that in retrospect, he would have objected to the PSR because counsel was not present when the probation officer interviewed him in connection with the PSR. (*Id.*) Mr. Graham does not direct the Court to any prior filing in which he raised this issue, for which reconsideration is requested. To the extent it is a new claim, it constitutes a successive habeas claim that is unauthorized because it does not rely on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. *Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 (2005) (holding that a new ground for relief constitutes a successive habeas claim unless it is a new rule of law or new facts show high probability of actual innocence). To the extent it is related to an earlier argument concerning the

7

alleged lack of notice of his career offender status, in response to which the Court noted Mr. Graham's lack of objections to the PSR [Doc. No. 677 at 14–15], Mr. Graham's renewed challenge constitutes a successive attack on the merits of the Court's resolution of this claim. A ground on which the Court has previously ruled on the merits constitutes a successive claim, as it attacks the substance of the court's merits-based resolution of the claim. *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015).

Second, Mr. Graham reasserts his arguments based on *Taylor* and double jeopardy. (Graham's June 2023 Reconsid. Mot. [Doc. No. 747] at 1–5; Graham's July 2023 Amended Reconsid. Mot. [Doc. No. 758] at 1–5.) The Court addressed the merits of these arguments in response to Mr. Graham's first § 2255 Motion [Doc. No. 677 at 7–9, 19–20]. Thus, his efforts to reargue these claims are successive.

Third, Mr. Graham challenges the Court's preliminary order of forfeiture. (Graham's Oct. 2023 Reconsid. Mot. [Doc. No. 783] at 1–4.) Mr. Graham does not direct the Court to any prior filing in which he raised this issue, for which reconsideration is requested. To the extent it is a new claim, it is successive. *Gonzalez*, 545 U.S. at 530, 532. If the Court has previously addressed it on the merits, it is likewise successive. *Lee*, 792 F.3d at 1023.

The instant motions for reconsideration [Doc. Nos. 732, 747, 758, 772, 783] are therefore successive § 2255 motions for which Mr. Graham has not obtained authorization from the Eighth Circuit. While the Eighth Circuit's docket reflects that Mr. Graham has attempted to obtain authorization on several occasions, the Eighth Circuit has consistently

denied his requests. Accordingly, the Court lacks jurisdiction to consider his arguments and denies his motions on this basis.

### 4. New § 2255 Motion

Also before the Court is Mr. Graham's new § 2255 Motion [Doc. No. 767] (the "New § 2255 Motion"), filed in August 2023, in which he asserts the following grounds for relief: (1) his conviction on Count 2 is unlawful under *Taylor* (New § 2255 Motion, Ground 1); (2) he is "actually innocent of the career offender enhancement" as "no valid predicate offense [] support[s] the career offender enhancement" (*id.*, Ground 2); (3) he was not personally notified of a preliminary forfeiture proceeding (*id.*, Ground 3); and (4) he was punished twice for the same offense, in violation of the Double Jeopardy Clause (*id.*, Ground 4).

As the Court has repeatedly noted, Mr. Graham previously attacked the legality of his sentence based on *Taylor*. This is a successive ground for relief. *Lee*, 792 F.3d at 1023.

To the extent his second ground for relief is a variation on his *Taylor* argument, it is likewise successive, or to the extent that it relates to career offender status in some other respect, the Court previously addressed such an argument in response to Mr. Graham's initial § 2255 Motion [Doc. No. 677 at 14–18], and it is successive. *Lee*, 792 F.3d at 1023.

As to his third ground for relief concerning preliminary forfeiture proceedings, which appears to be a claim that Mr. Graham did not previously raise in his first § 2255 Motion, it is also successive because it is not based on a new rule of constitutional law or new facts showing a high probability of actual innocence. *Gonzalez*, 545 U.S. at 530, 532.

Finally, the Court previously rejected a double jeopardy argument in response to Mr. Graham's initial § 2255 Motion [Doc. No. 677 at 7–9], rendering this reasserted claim successive. *Lee*, 792 F.3d at 1023.

In sum, the New § 2255 Motion is a successive habeas petition, filed without certification from the Eighth Circuit. Thus, the Court lacks jurisdiction to consider Mr. Graham's arguments and denies his New § 2255 Motion.

In addition, the Court finds that no evidentiary hearing is necessary on Mr. Graham's New § 2255 Motion. Even accepting his allegations as true, he is not entitled to relief from this Court because he failed to obtain authorization from the Eighth Circuit, *Delgado*, 162 F.3d at 983, and the record contains all the information necessary for the Court to rule. *Covey*, 377 F.3d at 909. Nor is Mr. Graham entitled to a Certificate of Appealability, as he has failed to make the necessary showing. 28 U.S.C. § 2253(c)(2). Judgment shall be entered against Mr. Graham on his New § 2255 Motion.

### 5. Motions for Hearings

In his remaining motions [Doc. Nos. 762, 770, 784], Mr. Graham requests hearings. Because the Court lacks jurisdiction to entertain any of his motions, his motions for hearings are denied as moot.

## III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Mr. Jackson's Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 760] is **DENIED** and **JUDGMENT SHALL BE ENTERED ACCORDINGLY**;

2. Mr. Jackson is **DENIED** an evidentiary hearing and **DENIED** a Certificate of Appealability in connection with his Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 760];

3. Mr. Graham's Motions for Reconsideration under Rule 59 or 60 [Doc. No. 732, 747, 758, 772, 783] are **DENIED**;

4. Mr. Graham's Motions for a Hearing [Doc. Nos. 762, 770, 784] are **DENIED AS MOOT**;

5. Mr. Graham's Motion to Vacate Under 28 U.S.C. § 2255 ("New § 2255 Motion") [Doc. No. 767] is **DENIED** and **JUDGMENT SHALL BE ENTERED ACCORDINGLY**; and

6. Mr. Graham is **DENIED** an evidentiary hearing and **DENIED** a Certificate of Appealability in connection with his Motion to Vacate under 28 U.S.C. § 2255 ("New § 2255 Motion") [Doc. No. 767].


Dated: October 25, 2023

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge