UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>William Charles Graham (2),<br><br>Defendant. | Case No. 19-cr-185(2) (SRN/KMM)<br><br>**ORDER** |

Justin Wesley, Nathan Nelson, Craig Baune, and William Mattessich, United States Attorney's Office, 600 U.S. Courthouse, 300 S. 4th St., Minneapolis, MN 55415, for the Government

William Charles Graham, Reg. No. 22097-041, USP-McCreary, P.O. Box. 3000, Pine Knot, KY 42635, Pro Se Defendant

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant William Charles Graham's Pro Se Request to Dismiss Ancillary Proceeding [Doc. No. 804]. Based on a review of the file, record, and proceedings herein, and for the following reasons, the Court denies the request.

Mr. Graham is serving a 294-month sentence following his conviction for one count of Hobbs Act robbery and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence. (Oct. 2, 2020 Findings of Fact & Concl. of Law [Doc. No. 364]; Sentencing J. [Doc. No. 489] at 1–2.) Following sentencing, the Court entered a Final Order of Forfeiture on July 6, 2021 concerning the pistol involved in Mr.

Graham's underlying conduct, declaring it forfeited to and vested in the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) ("Final Forfeiture Order") [Doc. No. 518].  Thereafter, the Clerk of Court entered the corresponding Judgment of Forfeiture ("Forfeiture J.") [Doc. No. 519].)

Mr. Graham subsequently appealed the Final Forfeiture Order to the Eighth Circuit [Doc. No. 540], which the Court of Appeals dismissed in November 2021 for failure to prosecute after Mr. Graham failed to respond to the appellate court's order [Doc. No. 601].

In April 2023, the Court addressed several of Mr. Graham's motions concerning forfeiture, including (1) Request for an Ancillary Proceeding [Doc. No. 526]; (2) Request for Reconsideration [Doc. No. 698]; and (3) Relief Motion and Amended Request for Relief [Doc. No. 720].  The Court denied Mr. Graham's forfeiture motions.  (*See* April 6, 2023 Order [Doc. No. 730] at 14–19.)

Mr. Graham now moves the Court "to dismiss the ancillary proceeding per 21 U.S.C. § 853(n)."  (Def.'s Request to Dismiss at 1.)  Essentially, he argues that he lacked sufficient notice of the forfeiture, and that the Court "lacked jurisdiction to entertain an ancillary proceeding."  (*Id*.)

Mr. Graham raised this argument previously, and the Court rejected it.  (April 6, 2023 Order at 14–19.)  The Court sees no reason to rule differently now, as neither the facts nor the law have changed.  The gun in question was rightfully forfeited pursuant to 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c), which authorize the forfeiture of any firearms used in connection with the underlying offense(s) of conviction.  From the outset of his

2

criminal case, Mr. Graham received notice of the potential firearms forfeiture if he were convicted of the underlying offenses. (Indictment [Doc. No. 1] at 2–3.)

In addition, Mr. Graham is not subject to any money forfeiture, and if he had been, the proper means to challenge it would have been on direct appeal. (April 6, 2023 Order at 16 (citing *United States v. Hunt*, No. 14-cr-3144 (RHK/JSM), 2016 WL 8970339, at *2 (D. Minn. Dec. 16, 2016) ("Because criminal judicial forfeiture of property is considered part of a defendant's sentence, a defendant may only challenge such a forfeiture through a direct appeal of his or her sentence . . . .").)

Nor is there any "ancillary proceeding" to dismiss. While a third-party intervenor may petition a court for an ancillary proceeding to assert an ownership interest in property subject to criminal forfeiture, such a proceeding is unavailable to the defendant himself. *See* 21 U.S.C. § 853(n)(2) ("Any person, *other than the defendant*, asserting a legal interest in property which has been ordered forfeited to the United States . . . may, . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property.") (emphasis added).

Accordingly, for all of these reasons, **IT IS HEREBY ORDERED** that Mr. Graham's Request to Dismiss Ancillary Proceeding [Doc. No. 804] is **DENIED**.

Dated: February 29, 2024

s/Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States District Judge