UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 19-185 (SRN) |
| Plaintiff, | |
| v. | ORDER ON RULE 60 MOTIONS |
| Ronald Jermaine Jackson (01), William Charles Graham (02), Defendants | |

Nathan Hoye Nelson, Craig Baune, and William Mattessich, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Ronald Jermaine Jackson, Reg. No. 22096-041, FCI Greenville, P.O. Box 5000, Greenville, IL 62246, Pro Se Defendant

William Charles Graham, Reg. No. 22097-041, FCI Greenville, P.O. Box 5000, Greenville, IL 62246, Pro Se Defendant

SUSAN RICHARD NELSON, United States District Judge

Pending before the Court are identical motions titled "Expedited Request for Relief From Final Judgment, Order or Process Per Fed. R. Civ. P. 60(b)(3)(4) and/or (d)(1-3)" ("Rule 60 Motions") filed by Defendants Ronald Jermaine Jackson [Doc. No. 817] and William Charles Graham [Doc. No. 818], respectively. For the reasons set forth below, the motions are denied.

1

I. BACKGROUND

In July 2019, the Government charged Mr. Jackson and Mr. Graham with two crimes: (1) Interference with Commerce by Robbery, and (2) Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence. (Indict. [Doc. No. 1].) Following a bench trial, in October 2020, the Court issued its Findings of Fact, Conclusions of Law, and Order for Convictions [Doc. No. 258], finding Mr. Jackson and Mr. Graham guilty on both counts. In June 2021, the Court sentenced Mr. Jackson to a term of imprisonment totaling 141 months (84 months on Count 1 and 57 months on Count 2, running consecutively) [Doc. No. 487], and sentenced Mr. Graham to term of imprisonment totaling 294 months (84 months on Count 1 and 210 months on Count 2, running consecutively) [Doc. No. 489].

Subsequently, Mr. Jackson filed pro se direct appeals [Doc. Nos. 491, 539] and a pro se Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 760], none of which were successful [Doc. Nos. 703, 785, 807]. Furthermore, the Eighth Circuit denied Mr. Jackson's request to file a successive habeas petition [Doc. Nos. 813].

Mr. Graham also filed pro se direct appeals [Doc. Nos. 492, 540], and a pro se Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 597], none of which were successful [Doc. Nos. 601, 602, 677]. As with his co-defendant, the Eighth Circuit denied Mr. Graham's requests to file successive habeas petitions [Doc. Nos. 735, 751, 778, 815].

In the instant motions, Mr. Jackson and Mr. Graham seek relief under Federal Rule of Civil Procedure 60(b)(3), (4) and (d)(1)-(3). (Defs.' R. 60 Mots. at 1.) Mr. Graham previously sought relief under Rule 60(b), but the Court denied his motion after conducting

2

a brief review and finding the motion constituted a second or successive collateral attack under § 2255 that was not authorized. (Oct. 25, 2023 Order [Doc. No. 786] at 6–7.)

## II.  DISCUSSION

The instant motions, while filed pursuant to Federal Rule of Civil Procedure 60(b)(3), (4) and (d)(1)-(3), also implicate the habeas corpus statute for collateral relief, 28 U.S.C. § 2255. Rule 60(b) addresses the grounds for which a litigant may seek relief from judgment, including fraud, misrepresentation or misconduct by an opposing party, or because of a void judgment. Fed. R. Civ. P. 60(b)(3)-(4). Also, under Rule 60(d)(3), a court has the power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

Under 28 U.S.C. § 2255, a prisoner in federal custody has a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by a court. The law limits a defendant to one 2255 motion unless he obtains certification for a second or successive motion from the appropriate Court of Appeals. *See* 28 U.S.C. §§ 2244, 2255(e), (h). A defendant may not bypass the authorization requirement of § 2255 by purporting to invoke some other procedure. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curium) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."), *cert. denied*, 545 U.S. 1135 (2005).

The Eighth Circuit advises district courts, when dealing with a purported Rule 60 motion following the dismissal of a habeas petition, to "conduct[] a brief initial inquiry to

3

determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the motion is "actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, [ ] transfer the [ ] motion to the Court of Appeals." *Id*. Courts have applied this procedure to motions arising under Rule 60(d) as well. *Gutierrez v. United States*, No. 01-cr-331 ADM/AJB, 2013 WL 3380313, at *2 (D. Minn. July 8, 2013) (stating that "courts may also dismiss Rule 60(d)(3) motions as successive § 2255 motions when appropriate."); *United States v. Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013) (applying analysis for Rule 60(b) motions to Rule 60(d)(3) motions asserting fraud on the court to determine if Rule 60 motion impermissibly "asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.").

In the instant Rule 60 Motions, Mr. Graham and Mr. Jackson repeat past 2255 arguments on issues such as the right to a jury trial, the validity of the Indictment and grand jury proceedings, alleged double jeopardy violations, and the applicability of *United States v. Taylor*, 596 U.S. 845 (2022). (*Compare* Defs.' R. 60 Mots. at 5–28, *with* July 13, 2022 Order on Graham's 2255 Mot. [Doc. No. 677] at 7–21 (addressing these grounds for relief); Oct. 25, 2023 Order on Jackson's 2255 Mot. [Doc. No. 785] at 3–4 (addressing arguments regarding *Taylor*).)

They also argue they are entitled to relief from judgment under Rule 60(b)(3) and (d)(3) based on allegations that counsel for the Government committed fraud by not disclosing that Defendants' sentences were unconstitutionally long and that "the same facts

4

that supported the charged offense supported uncharged offense(s)." (Defs.' R. 60 Mots. at 29.) To the extent these are new grounds for relief, Mr. Jackson and Mr. Graham could have raised them in their initial 2255 Motions. Likewise, to the extent that Mr. Jackson's initial 2255 Motion did not raise claims concerning the right to a jury trial, the validity of the Indictment and grand jury proceedings, and alleged double jeopardy violations, he could have raised them.

In sum, all of Mr. Jackson and Mr. Graham's current grounds for relief run afoul of the requirement that a defendant may file only one 2255 motion unless he obtains certification for a second or successive motion from the Court of Appeals. *See* 28 U.S.C. §§ 2244, 2255(e), (h). They either previously raised their current claims or could have raised them in their initial 2255 Motions. Accordingly, the Court finds that Mr. Jackson and Mr. Graham's Rule 60 Motions constitute unauthorized, successive 2255 motions. The Court therefore lacks jurisdiction to consider them and they are denied.

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant Ronald Jermaine Jackson's Pro Se Expedited Request for Relief From Final Judgment, Order or Process Per Fed. R. Civ. P. 60(b)(3)(4) and/or (d)(1-3) [Doc. No. 817] is **DENIED**.

2. Defendant William Charles Graham's Pro Se Expedited Request for Relief From Final Judgment, Order or Process Per Fed. R. Civ. P. 60(b)(3)(4) and/or (d)(1-3) [Doc. No. 818] is **DENIED**.

Dated: February 10, 2025

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge
