# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

      v.

Ronald Jermaine Jackson (01),
William Charles Graham (02),
      Defendants

Crim. No. 19-185 (SRN)

**ORDER ON RULE 60
MOTIONS AND
SUCCESSIVE 2255 MOTIONS**

---

Nathan Hoye Nelson, Craig Baune, and William Mattessich, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Ronald Jermaine Jackson, Reg. No. 22096-041, FCI Greenville, P.O. Box 5000, Greenville, IL 62246, Pro Se Defendant

William Charles Graham, Reg. No. 22097-041, FCI Greenville, P.O. Box 5000, Greenville, IL 62246, Pro Se Defendant

---

SUSAN RICHARD NELSON, United States District Judge

Pending before the Court are the following motions filed by Defendants Ronald Jermaine Jackson and William Charles Graham: (1) Expedited Request for Relief From Final Judgment Per Rule 60(b)(6) ("Rule 60 Motions") [Doc. Nos. 839, 841, 853, 854, 856, 857]; (2) Motions to Vacate Under 28 U.S.C. § 2255 [Doc. Nos. 866 & 872]; (3) Motions to Amend/Correct Prior Motions to Vacate Under 28 U.S.C. § 2255 [Doc. Nos. 869 & 875]; (4) Motions for Evidentiary Hearings [Doc. Nos. 870, 876, 883, 886]; and (5)

1

Amended Motions Under 28 U.S.C. § 2255 [Doc. Nos. 885 & 882]. For the reasons set forth below, the motions are denied.

## I.    BACKGROUND

In July 2019, the Government charged Mr. Jackson and Mr. Graham with two crimes: (1) Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951 (commonly known as Hobbs Act robbery), and (2) Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Indict. [Doc. No. 1].) Following a bench trial, the Court issued its Findings of Fact, Conclusions of Law, and Order for Convictions [Doc. No. 258] in October 2020, finding Mr. Jackson and Mr. Graham guilty on both counts. In June 2021, the Court sentenced Mr. Jackson to a term of imprisonment totaling 141 months (84 months on Count 1 and 57 months on Count 2, running consecutively) [Doc. No. 487], and sentenced Mr. Graham to term of imprisonment totaling 294 months (84 months on Count 1 and 210 months on Count 2, running consecutively) [Doc. No. 489].

Subsequently, Mr. Jackson filed pro se direct appeals [Doc. Nos. 491, 539] and a pro se Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 760], none of which were successful [Doc. Nos. 703, 785, 807]. Furthermore, the Eighth Circuit denied Mr. Jackson's request to file a successive habeas petition [Doc. Nos. 813].

Mr. Graham also filed pro se direct appeals [Doc. Nos. 492, 540], and a pro se Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 597], none of which were successful [Doc. Nos. 601, 602, 677, 690]. As with his co-defendant, the Eighth Circuit denied Mr. Graham's requests to file successive habeas petitions [Doc. Nos. 735, 751, 778, 815].

Two months later, Mr. Jackson and Mr. Graham returned to this Court, ostensibly seeking relief under Federal Rule of Civil Procedure 60(b)(3), (4) and (d)(1)-(3). (Defs.' R. 60 Mots. [Doc. Nos. 817 & 818] at 1.) Mr. Graham had previously sought relief under Rule 60(b), but the Court denied his motion after conducting a brief review and finding the motion actually constituted a second or successive collateral attack under § 2255 that was not authorized. (*See* Oct. 25, 2023 Order [Doc. No. 786] at 6–7.) The Court found the same was true with respect to Mr. Jackson and Mr. Graham's subsequent Rule 60 motions and denied relief. (Feb. 10, 2025 Orders [Doc. Nos. 819 & 820]; Mar. 4, 2025 Orders in Response [Doc. Nos. 831 & 832].) Mr. Jackson and Mr. Graham appealed the Court's denial of relief [Doc. Nos. 821, 822, 835, 837].

While their appeals were pending, Mr. Jackson and Mr. Graham filed the first of their 16 pending motions [Doc. Nos. 839 & 841], once again seeking relief from judgment under Rule 60.

The Eighth Circuit denied Mr. Jackson and Mr. Graham's appeals of the Court's February 10, 2025 Orders, and issued mandates in July 2025, [Doc. Nos. 843, 844, 845, 846], followed by judgments on the appellants' successive 2255 motions and mandates on the same. [Doc. Nos. 847–52].

Shortly thereafter, Mr. Jackson and Mr. Graham filed the remaining 14 of their 16 pending motions.

## II.  DISCUSSION

### A.  Rule 60 Motions [Doc. Nos. 839, 841, 853, 854, 856, 857]

The instant Rule 60 Motions, like the previous motions, implicate the habeas corpus statute for collateral relief, 28 U.S.C. § 2255.  Rule 60(b) addresses the grounds for which a litigant may seek relief from judgment, including fraud, misrepresentation or misconduct by an opposing party, because of a void judgment, *see* Fed. R. Civ. P. 60(b)(3)-(4), or, for the reason that Mr. Jackson and Mr. Graham invoke here, "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

Under 28 U.S.C. § 2255, a prisoner in federal custody has a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by a court.  The law limits a defendant to one 2255 motion unless he obtains certification for a second or successive motion from the appropriate Court of Appeals.  *See* 28 U.S.C. §§ 2244, 2255(e), (h). A defendant may not bypass the authorization requirement of § 2255 by purporting to invoke some other procedure. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curium) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."), *cert. denied*, 545 U.S. 1135 (2005).

The Eighth Circuit advises district courts, when dealing with a purported Rule 60 motion following the dismissal of a habeas petition, to "conduct[] a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under . . .  28 U.S.C. § 2255." *Boyd v. United States*, 304 F.3d

813, 814 (8th Cir. 2002). The Supreme Court has held that the procedural requirements for second or successive habeas petitions also apply to motions for relief from judgment under Rule 60 that are essentially 2255 motions. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). If the motion is "actually a second or successive habeas petition [that substantively challenges a federal conviction or sentence], the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, [ ] transfer the [ ] motion to the Court of Appeals." *Boyd*, 304 F.3d at 814.

As noted, both Mr. Jackson and Mr. Graham have filed unsuccessful prior 2255 motions and Rule 60 motions that were properly construed as successive 2255 motions. The Court therefore must conduct a brief review to determine if the allegations in the instant Rule 60 Motions amount to successive attacks under 2255. *See id.*

In the instant Rule 60 Motions, Mr. Jackson and Mr. Graham argue that the Indictment was "constructively amended" to include, along with Hobbs Act robbery, "the separate enhanced punishment of using, carrying, and brandishing a firearm during and in relation to a crime of violence." (Rule 60 Mots. at 2–3.) This is a substantive legal challenge that Mr. Jackson and Mr. Graham have raised in past motions. (*See* Doc. Nos. 677 at 7–9; 785 at 3–4; 817 at 5–17; 818 at 5–17.) Accordingly, the Court construes their Rule 60 Motions as successive 2255 motions. Because Mr. Jackson and Mr. Graham failed to obtain precertification from the Eighth Circuit prior to asserting these claims, their Rule 60 Motions are unauthorized and the Court denies them.

### B. Motions to Vacate Under 28 U.S.C. § 2255 [Doc. Nos. 866 & 872]

Mr. Jackson and Mr. Graham have also filed new 2255 Motions without seeking precertification from the Eighth Circuit. In their instant 2255 Motions, they assert familiar legal arguments under the Double Jeopardy Clause, challenging their convictions under 18 U.S.C. § 924(c)(1)(A)(ii) and the district court's jurisdiction based on the alleged lack of a proper indictment. (Graham 2255 Mot. [Doc. No. 866] at 4; Jackson 2255 Mot. [Doc. No. 872] at 4–5.) In the past, they unsuccessfully raised these substantive arguments. (*See* Doc. Nos. 677, 785, 786, 819, 820.) Mr. Jackson and Mr. Graham filed the instant successive 2255 Motions without obtaining the Eighth Circuit's precertification, as required. Accordingly, the Court denies their 2255 Motions.

### C. Motions to Amend/Correct Prior Motions to Vacate [Doc. Nos. 869 & 875]

Mr. Jackson and Mr. Graham also move to amend or correct their initial 2255 Motions. In particular, Mr. Jackson seeks to amend or correct his 2255 Motion filed in July 2023 [Doc. No. 760], and Mr. Graham seeks to amend or correct his 2255 Motion filed in November 2021 [Doc. No. 597].

The Federal Rules of Civil Procedure apply to 2255 motions. *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006). Because the instant Motions to Amend/Correct were filed in November 2025, after judgment was entered on their initial 2255 motions, Rules 59 and 60 govern the request to amend the original motions. *Id.* Under Rule 59, a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Under Rule 60, a motion for relief

6

from judgment must be filed "within a reasonable time," and in the case of relief based on mistake, newly discovered evidence, or fraud, "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1).

As to Mr. Graham's initial 2255 Motion, this Court entered judgment on July 13, 2022 [Doc. No. 678], and the Eighth Circuit entered judgment on his appeal on September 28, 2022 [Doc. No. 690]. The instant Motion to Amend/Correct, filed by Mr. Graham in November 2025, fails to satisfy the 28-day deadline under Rule 59, nor was it filed "within a reasonable time" under Rule 60. Accordingly, the Court denies his Motion to Amend/Correct.

As to Mr. Jackson, the Court entered judgment on his initial 2255 Motion on October 25, 2023 [Doc. No. 787], and the Eighth Circuit entered judgment on his appeal on January 12, 2024 [Doc. No. 807]. As with Mr. Graham, too much time has elapsed under Rules 59 and 60 for Mr. Jackson to amend or correct his initial 2255 Motion. His Motion to Amend/Correct is therefore denied.[1]

---

[1]    Moreover, in the prior Orders on Mr. Jackson and Mr. Graham's initial 2255 Motions, the Court addressed the double jeopardy arguments for which Mr. Jackson and Mr. Graham currently seek leave to amend. (*See* Doc. Nos. 677 & 785.) In their initial 2255 Motions, Mr. Jackson and Mr. Graham relied on *United States v. Taylor*, 596 U.S. 845 (2022), and they now invoke an earlier case, *United States v. Davis*, 588 U.S. 445 (2019). Not only was *Davis* in effect at the time they filed their initial 2255 Motions, it provides no relief. In *Davis*, the Supreme Court held that the residual clause's definition of a "crime of violence" under 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. 588 U.S. at 470. Subsequently, in *Taylor*, the defendant sought to apply *Davis* retroactively and vacate his § 924(c) conviction and sentence. 596 U.S. at 849. In opposition, the government argued that even if the residual clause was unconstitutionally vague, the crime of attempted Hobbs Act robbery qualified as a crime of violence under the elements clause of § 924(c)(3)(A). *Id.* The Supreme Court rejected the government's argument and held

### D. Amended 2255 Motions [Doc. No. 885 & 882]

Mr. Jackson and Mr. Graham have also filed Amended 2255 Motions, in which they again challenge this Court's jurisdiction based on a purportedly faulty indictment. As noted, the Court has addressed this substantive argument in its prior rulings. (*See* Doc. Nos. 677, 785, 786, 819, 820.) As noted, Mr. Jackson and Mr. Graham have not obtained authorization from the Eighth Circuit to file successive 2255 motions. Accordingly, their Amended 2255 Motions are unauthorized and they are denied.

### E. Evidentiary Hearings [Doc. Nos. 870, 876, 883, and 886]

Finally, Mr. Jackson and Mr. Graham request an evidentiary hearing on their Amended 2255 Motions and Motions to Amend/Correct. In light of the foregoing

---

that attempted Hobbs Act robbery failed to qualify as a crime of violence under the elements clause. *Id.* at 858–60.

*Davis* is inapplicable to Mr. Jackson and Mr. Graham because their sentences were not based on the residual clause of § 924(c)(3)(B), but on the elements clause of § 924(c)(3)(A). Furthermore, as the Court has previously explained, *Taylor* is inapplicable to their sentences because the defendant in *Taylor* was convicted of *attempted* Hobbs Act robbery versus the *completed* crime, for which Mr. Jackson and Mr. Graham were convicted. (*See* Oct. 25, 2023 Order [Doc. No. 785] at 3–4.) This distinction was important to *Taylor*'s holding, as the attempted crime requires only a "substantial step" toward robbery, but does not always involve the actual, attempted, or threatened use of force. 596 U.S. at 851 ("Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause."). Before *Taylor*, the Eighth Circuit held that completed Hobbs Act robbery qualifies as a crime of violence under the elements clause of § 924(c)(2), *Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017), and following *Taylor*, it continues to hold that completed Hobbs Act robbery is a crime of violence. *United States v. Moore*, No. 22-1899, 2022 WL 4361998, at *1 (8th Cir. Sept. 21, 2022) ("[T]he plea agreement established that Moore pleaded guilty to completed Hobbs Act robbery, which is a crime of violence."); *see also Green v. Garland*, 79 F.4th 920, 923–24 (8th Cir. 2023) (distinguishing facts of *Taylor* and finding conviction for completed Hobbs Act robbery subjected noncitizen to removal as an aggravated felony under immigration law because it constitutes a "crime of violence.").

discussion, there is no basis for an evidentiary hearing. *See Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that a § 2255 motion may be dismissed without a hearing if: (1) the defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact.). Accordingly, Mr. Jackson and Mr. Graham's Motions for an Evidentiary Hearing are denied.

### F.  Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that the basis for dismissal is not reasonably debatable. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Accordingly, because Mr. Jackson and Mr. Graham have failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue them certificates of appealability.

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. The "PRO SE EXPEDITED REQUEST FROM JUDGMENT, ORDER, OR PROCESS per Fed. R. Cr. P. 60(b)(4)" [Doc. No. 839] filed by Ronald Jermaine Jackson is **DENIED**.

2. The "PRO SE EXPEDITED REQUEST FOR RELIEF FROM JUDGMENT PER RULE 60(b)(b)" filed by Ronald Jermaine Jackson [Doc. No. 854] is **DENIED**.

3. The "PRO SE EXPEDITED REQUEST FOR RELIEF FROM JUDGMENT PER RULE 60(b)(b)" [Doc. No. 856] filed by Ronald Jermaine Jackson is **DENIED**.

4. The "PRO SE EXPEDITED REQUEST FOR RELIEF FROM JUDGMENT PER RULE 60(b)(b)" [Doc. No. 857] filed by Ronald Jermaine Jackson is **DENIED**.

5. The "PRO SE MOTION to Vacate under 28 U.S.C. 2255" [Doc. No. 872] by Ronald Jermaine Jackson is **DENIED**.

6. The "PRO SE MOTION to Amend MOTION to Vacate under 28 U.S.C. 2255" [Doc. No. 875] filed by Ronald Jermaine Jackson is **DENIED**.

7. The "PRO SE EXPEDITED REQUEST FOR AN EVIDENTIARY HEARING" [Doc. No. 876] filed by Ronald Jermaine Jackson is **DENIED AS MOOT**.

8. The "PRO SE AMENDED MOTION under 28 U.S.C. 255 to Vacate, Set Aside, or Correct Sentence" [Doc. No. 885] filed by Ronald Jermaine Jackson is **DENIED**.

9. The "PRO SE EXPEDITED REQUEST FOR AN EVIDENTIARY HEARING PER 28 U.S.C. 2255" [Doc. No. 886] filed by Ronald Jermaine Jackson is **DENIED AS MOOT**.

10. The "PRO SE MOTION EXPEDITED REQUEST FOR RELIEF FROM JUDGMENT, ORDER OR PROCESS" [Doc. No. 841] filed by William Charles Graham is **DENIED**.

11. The "PRO SE EXPEDITED REQUEST FOR RELIEF FROM JUDGMENT PER RULE 60(b)(b)" [Doc. No. 853] filed by William Charles Graham is **DENIED**.

12. The "PRO SE MOTION to Vacate under 28 U.S.C. 2255" [Doc. No. 866] filed by William Charles Graham is **DENIED**.

13. The "PRO SE MOTION to Amend MOTION to Vacate under 28 U.S.C. 2255" [Doc. No. 869] filed by William Charles Graham is **DENIED**.

14. The "PRO SE EXPEDITED REQUEST FOR AN EVIDENTIARY HEARING" [Doc. No. 870] filed by William Charles Graham is **DENIED AS MOOT**.

15. The "PRO SE AMENDED MOTION under 28 U.S.C. 255 to Vacate, Set Aside, or Correct Sentence" [Doc. No. 882] filed by William Charles Graham is **DENIED**.

16. The "PRO SE EXPEDITED REQUEST FOR AN EVIDENTIARY HEARING PER 28 U.S.C. 2255" [Doc. No. 883] filed by William Charles Graham is **DENIED AS MOOT**.

17. Certificates of Appealability are **DENIED** as to Mr. Jackson and Mr. Graham.


**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: April 9, 2026

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge